UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABAYOMI OTIS BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN MATEO COUNTY SHERIFF OFFICE,<br><br>　　　　Defendant. | Case No. 16-cv-06798-JST (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the San Mateo County Jail, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging claims arising from his assault by a rival gang member. The Court identified various deficiencies in plaintiff's complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review.

## DISCUSSION

**A.	Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Legal Claims**

In his amended complaint, plaintiff alleges on February 12, 2016, he was housed in a pod that held two rival gangs. Defendant Deputy Bernacil called plaintiff out of his cell so that plaintiff could receive his medication. As plaintiff was receiving his medication, he noticed a rival gang member also out of his cell, and they instantly began to fight.

The Court noted that, in his original complaint, plaintiff appeared to be attempting to state a claim for deliberate indifference to his safety and identified the basic flaws in his complaint. The Court noted that the legal standard for a deliberate indifference claim is different for pretrial detainees as opposed to convicted prisoners. The Court explained to plaintiff the legal standard under both scenarios and provided plaintiff with thirty days in which to file an amended complaint. In the amended complaint, plaintiff clarifies that he was not a pretrial detainee at the time of the events at issue but rather a convicted prisoner serving the balance of his sentence at the county jail. Accordingly, the Eighth Amendment standard for deliberate indifference applies.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This includes prison officials' duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at a prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the inmate's safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer, 511 U.S. at 837.

In the amended complaint, plaintiff complains that Deputy Bernacil did not protect him from an assault by another prisoner. Plaintiff does not allege, however, that Deputy Bernacil had any knowledge that a rival gang member was in plaintiff's vicinity let alone any forewarning of the impending fight. Indeed, plaintiff's prior filings specify that the officer in charge was simply

not paying attention to what was happening in the pod because he was "on the phone laughing with his feet kicked up." See dkt. no. 1 at 3. Plaintiff's allegations at most describe negligence or gross negligence, neither of which constitutes deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. Dismissal is without leave to amend because plaintiff has been given an opportunity to amend and it appears that further amendment would be futile. However, dismissal is without prejudice to plaintiff pursuing in state court any claims he may have under state law. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

_____
JON S. TIGAR
United States District Judge

3